UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN SHEETZ,                          :
                                      :
     Plaintiff,                       :
                                      :
V.                                    :    CASE NO. 3:10-CV-1049(RNC)
                                      :
TOWN OF WINDHAM,                      :
                                      :
     Defendant.                       :

RULING AND ORDER

     Plaintiff, a former fire captain in the Willimantic Fire
Department, brings this action against the Town of Windham.  He
claims that the Town promised to begin paying his pension in 2011
but later reneged and said it would not begin paying for at least
another decade.  The complaint presents claims for breach of
contract and promissory estoppel and seeks damages, equitable
relief and punitive damages.  Defendant has filed a motion to
dismiss or strike the requests for equitable relief and punitive
damages.  The request for equitable relief survives but the
request for punitive damages does not.  Accordingly, the motion
is granted in part and denied in part.

I.   Facts

     The complaint alleges the following.  In 2006, after nearly
twenty years as a firefighter in Willimantic, plaintiff undertook
an investigation of his pension plan prompted by an anticipated
move to Maine.  He learned two key facts about the plan: 1) ten
years of service in the fire department guarantees a pension from

the Town of Windham; and 2) a firefighter is able to retire after twenty-five years of service regardless of age.  Having served long enough to earn a pension but not long enough to go directly into retirement, plaintiff scoured the plan documents to figure out when his pension was due.  The answer was the "Normal Retirement Date," but this was undefined.  To obtain clarification, plaintiff reached out to the Town's personnel director, Don Muirhead, and was referred to the Town's controller, Robert Buden.

After lengthy discussions, Mr. Buden gave plaintiff a written calculation of his pension showing he would start receiving his pension in 2011 on the 25th anniversary of his hire date.  Plaintiff asked if he needed to do anything else to ensure he would collect on his pension starting in 2011.  He was told that his retirement papers would be mailed to him in Maine.

In May 2006, plaintiff retired and moved to Maine.  When his retirement papers did not arrive, he called the Town and was told the papers were delayed because Mr. Buden had left the Town's employ.  After further delays, plaintiff's counsel sought confirmation that pension payments would commence in 2011.  The Town subsequently announced that it would not begin to pay until 2026.  This lawsuit followed.

II.  <u>Discussion</u>

To survive a motion to dismiss under Rule 12(b)(6), a

complaint must contain "only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is plausible when sufficient facts are pleaded for a court to draw a "reasonable inference" that the defendant is liable. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Defendant's motion to dismiss or strike the claim for equitable relief appears to challenge the plaintiff's right to recover anything other than money damages. The defendant has not shown that damages are the only potential remedy in a suit of this type. Accordingly, the motion to dismiss the claim for equitable relief is denied.

Punitive damages typically are not awarded for a breach of contract. Barry v. Posi-Seal Int'l, Inc., 672 A.2d 514, 517 (Conn. App. Ct. 1996); see also Triangle Sheet Metal Works, Inc. v. Silver, 222 A.2d 220, 225 (Conn. 1966). Punitive damages are permitted in a contract case when the complaint alleges tortious conduct. See L.F. Pace & Sons, Inc. v. Travelers Indem. Co., 514 A.2d 766, 776 (Conn. App. Ct. 1986). Even then, the "tortious conduct must be alleged in terms of wanton and malicious injury, evil motive, and violence." See id.

Plaintiff's claim does not resemble a tort. Moreover, the complaint does not allege the type of malicious behavior that can support an award of punitive damages in a contract action.

3

Accordingly, defendant's motion to strike plaintiff's prayer for punitive damages is granted.

III. <u>Conclusion</u>

For the foregoing reasons, the defendant's motion to dismiss is granted in part and denied in part.

So ordered this 30th day of September 2011.

/s/  RNC
Robert N. Chatigny
United States District Judge

4